# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-18298 |
| Barbara L. Gromek<br>Joseph A. Gromek | CHAPTER 11 |
| | JUDGE ARTHUR I HARRIS |
| Debtors | |

**MOTION OF US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST FOR RELIEF FROM STAY**

**7584 Hopkins Road, Mentor, OH 44060**

US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST ("Movant") moves this Court under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code §362.

## MEMORANDUM IN SUPPORT

1. This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On November 6, 1998, Joseph A. Gromek and Barbara L. Gromek ("Debtor") obtained a loan from Mid-America Mortgage Corporation in the amount of $153,750.00. Such loan was evidenced by a Promissory Note dated November 6, 1998 (the "Note"), a copy of which is attached as **Exhibit A**.

3. To secure payment of the Note and performance of the terms contained in it, the Debtor executed a Security Agreement in favor of Mid-America Mortgage Corporation dated November 6, 1998 (the "Security Agreement"). The Security Agreement granted a lien on the Real Property known as 7584 Hopkins Road, Mentor, OH 44060 owned by the Debtors (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one)

    ☒    attached as Exhibit B

    OR

    ☐    contained in the Note, attached as **Exhibit A**.

4. The lien created by the Security Agreement was perfected by (check all that apply):

    ☒    Filing of the Security Agreement in the office of the Lake County Recorder on November 16, 1998.

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title, or other document, as applicable, is attached as '**Exhibit B**'.

5. The entity in possession of the original Note as of the date of this motion is US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST.

6. The entity servicing the loan is BSI Financial Services servicer for US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST.

7. The Note was transferred as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

         ☐ N/A.

         OR

         ☐ By endorsement on the Note,
         payable to:

         OR

         ☒ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note.
         payable to:

         OR

         ☐ By blank allonge, attached to the Note.

         OR

         ☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attached supporting documentation):

         OR

         ☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides Movant the authority to endorse the Note:

  ii.  Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

  iii.  A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <_>.>

  iv.  Other _____ [Explain].

 b. If the Collateral is not real estate (check one):

  ☒ N/A.

  OR

  ☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRASNFER>. [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

  ☐ N/A.

  OR

  ☒ From the original lender, Mid-America Mortgage Corporation, to Valley Bank and Trust Co. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit C**.

  ☒ From Western State Bank, formerly known as Valley Bank and Trust Co. to Nationstar Mortgage LLC. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit D**.

  ☒ From Nationstar Mortgage LLC TO US Bank Trust National Association, as Trustee of the Bungalow Series III Trust. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit E**.

☒ From US Bank Trust N.A., as Trustee of the Bungalow Series III Trust to US Bank Trust National Association as Trustee of the Cabana Series III Trust. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit F**

9. The value of the Collateral is $240,470.00. This valuation is based on the Lake County Auditor's Property Report ('**Exhibit G**').

10. As of the date of this Motion, there is due and owing on the Note the outstanding principal balance of $61,755.67, plus late fees and interest accruing thereon at the rate of 6.875% per annum as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph ten DOES NOT include a credit for the sum held in suspense account by the Movant. The amount of the credit is: $182.66.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

    ☐ N/A.

    ☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

    ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

    ☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code §362(d) for this/these reason(s) (check all that apply):

☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN>.

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☒ Debtor has failed to make periodic payments to the Movant since the commencement of this bankruptcy case for the months of May 2019, June 2019, July 2019, August 2019, September 2019, and October 2019 which unpaid payments are in the aggregate amount of $11,361.66 through October 15, 2019. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation. **Debtor counsel and Creditor Counsel have discussed this case for many months. On August 28, 2019 the following message was sent to Debtor Counsel. No response was ever received. "Glenn, I fully reviewed the payment history again with my client. Again, we have no record at all of the 11/2016 payment or the 6/2018 payment. Have you been able to obtain proof of those payments? Also, the monthly payment has changed several times. On 10/1/14 the payment became $1,713.32, on 11/1/14 the payment became $1,494.80, on 11/1/16 it became $1,517.02, and on 12/1/18 the payment became $1,893.61. On 8/14/17, your client only paid $1,494.80 toward the regular payment. On 9/17/18, your client only paid $1,345.80 toward the regular payment. On 5/9/19, your client only paid $1,711.45 toward the regular payment. Because the payments were short they were applied to past due stipulated payments under the agreed order. Please find the attached payment history showing your client due for the 5/1/19-8/19 payments in the amount of $1893.61 each, plus the 7/15/19 ao payment in the amount of $216.35. Please let me know how your client proposes to cure the arrearage, as my client is prepared to proceed with a motion for relief."**

☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor has no equity in the Collateral, because the Collateral is valued at       , and including the Movant's lien, there are liens in an aggregate amount of            on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity):

14. Movant has completed the worksheet attached as **Exhibit H**.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code §362 to permit Movant to proceed under applicable nonbankruptcy law.

        Respectfully Submitted,

        /s/ Jon J. Lieberman
        Jon Lieberman (0058394)
        Sottile and Barile, Attorneys at Law
        P.O. Box 476
        Loveland, OH 45140
        Phone: (513) 444-4100
        bankruptcy@sottileandbarile.com
        Attorney for Movant

# CERTIFICATE OF SERVICE

I certify that on October 18, 2019, a true and correct copy of US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST's MOTION FOR RELIEF FROM STAY was served:

Via the Court's ECF System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Glenn E. Forbes, Debtors' Attorney
    bankruptcy@geflaw.net

    United States Trustee
    (registeredaddress)@usdoj.gov

    Lenore Kleinman ust04, Attorney for U.S. Trustee
    Lenore.Kleinman@usdoj.gov

    Derrick Rippy ust11, Attorney for U.S. Trustee
    derrick.v.rippy@usdoj.gov

And by regular US Mail, postage pre-paid on:

    Barbara L. Gromek
    7584 Hopkins Road
    Mentor, OH 44060

    Joseph A. Gromek
    7584 Hopkins Road
    Mentor, OH 44060

                                     /s/ Jon J. Lieberman
                                     Jon Lieberman (0058394)